IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MELINDA LUCERO,

    Plaintiff,

v.                                                                               1:24-cv-01068-WJ-JMR

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, STATE FARM
FIRE AND CASUALTY COMPANY, and
MITCHELL INTERNATIONAL, INC.,

    Defendants.

## ORDER GRANTING MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL

THIS MATTER comes before the Court on Defendant State Farm Mutual Automobile Insurance Company's ("State Farm Mutual's") Motion for Leave to File Document Under Seal. Doc. 17. Plaintiff filed a response. Doc. 27. State Farm Mutual filed a reply. Doc. 30. Having reviewed the filings and the relevant law, the Court hereby GRANTS the motion. As a result, State Farm Mutual's Motion for Protective Order (Doc. 26) and the related briefing (Docs. 29, 34) may remain under seal until the Court decides the motion.

**I.    Background**

Plaintiff initiated this case in the Second Judicial District of the State of New Mexico on February 27, 2023. Doc. 1-2. At its inception, this case was a standard motor vehicle accident lawsuit. The state court entered a Stipulated Confidentiality and Protective Order ("Confidentiality Order") on March 12, 2024. Doc. 1-5 at 73–82. Shortly thereafter, Plaintiff amended the complaint to assert a class action. Doc. 1-4. Then, on October 21, 2024, this case was removed to federal court, pursuant to the Class Action Fairness Act. Doc. 1.

While still in state court, State Farm Mutual filed a Motion for Protective Order requesting to maintain the confidential designation of "certain portions of the deposition testimony" given by State Farm Mutual's corporate representative, as well as an exhibit from that deposition. Doc. 26-1 at 1. The state court did not have an opportunity to decide this motion prior to removal.

## II. Discussion

Here, State Farm Mutual seeks to file the Motion for Protective Order that was filed in state court under seal because the motion contains the purportedly confidential information it wishes to protect. Doc. 17 at 1; *see also* Doc. 26 (state court Motion for Protective Order). State Farm Mutual argues that the filing should be sealed pursuant to the terms of the Confidentiality Order (Doc. 1-5 at 73–82) entered by the state court and Federal Rule of Civil Procedure 26(c)(1)(G). Doc. 17. Plaintiff opposes the request arguing (1) that this Court lacks jurisdiction over the Confidentiality Order entered by the state court, (2) State Farm Mutual waived confidentiality, and (3) State Farm Mutual failed to address the applicable legal standard for requesting to seal a document. Doc. 27 at 3–6.

The Court finds that it has sole jurisdiction over the Confidentiality Order, that State Farm Mutual did not waive confidentiality, and that the Motion for Protective Order (Doc. 26) and related filings (Docs. 29, 34) should remain under seal until the Court decides the motion.

    **a. This Court has jurisdiction over the Confidentiality Order entered by the state court.**

Plaintiff argues that this Court lacks jurisdiction over a Confidentiality Order entered by the state court. Doc. 27 at 3–5. State Farm Mutual responds that "this Court—and only this Court—has jurisdiction to adjudicate the Confidentiality Order." Doc. 30 at 3. The Court agrees with State Farm Mutual.

Plaintiff reasons that the terms of the Confidentiality Order require that the state court retain jurisdiction over the Order even after removal. Specifically, the Confidentiality Order provides, "[t]he Court shall retain jurisdiction to modify the terms of this Protective Order." Doc. 1-5 at 80. It also provides:

> 14. The obligations of this Protective Order shall survive the termination of this action and continue to bind the parties and their counsel. The Court will have continuing jurisdiction to enforce this Protective Order irrespective of the manner in which this action is terminated.

*Id.* Plaintiff's interpretation conflicts with federal law.

United States Code Section 1450 states: "Whenever any action is removed from a State court to a district court of the United States . . . [a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450; *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 425 (1974).

"Section 1450 was simply designed to deal with the unique problem of a shift in jurisdiction in the middle of a case which arises whenever cases are removed from state to federal court." *Granny Goose Foods, Inc.*, 415 U.S. at 435. "Thus . . . orders obtained in state court all remain effective after the case is removed to federal court." *Id.* at 436. "[A]n order entered by a state court [prior to removal] should be treated as though it had been validly rendered in the federal proceeding." *Hart v. Capgemini U.S., LLC Welfare Ben. Plan Admin. Document*, 547 F. App'x 870, 872 (10th Cir. 2013) (unpublished) (citation omitted).

"To be sure, the district court may dissolve or alter prior state court orders after removal." *Palzer v. Cox Oklahoma Telecom, LLC*, 671 F. App'x 1026, 1028 (10th Cir. 2016) (unpublished) (citing *Granny Goose Foods, Inc.*, 415 U.S. at 437); *see also Jenkins v. MTGLQ Investors*, 218 F. App'x 719, 724 (10th Cir. 2007) (unpublished) (noting the same). Some courts characterize

3

the pre-removal state court orders as being "transformed into orders of the court to which the case is removed." *In re Diet Drugs*, 282 F.3d 220, 231–32 (3d Cir. 2002); *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1304 (5th Cir. 1988) ("[W]henever a case is removed, interlocutory state court orders are transformed by operation of 28 U.S.C. § 1450 into orders of the federal district court to which the action is removed."). Others characterize a state court's pre-removal order as becoming "federalized" when the case is removed. *Resolution Trust Corp. v. Northpark Joint Venture*, 958 F.2d 1313, 1316 (5th Cir. 1992); *Fed Nat'l Mort. Ass'n v. Milasinovich*, 161 F. Supp. 3d 981, 1013 (D.N.M. 2016) (quoting *Laney ex rel. Laney v. Schneider Nat. Carriers, Inc.*, 259 F.R.D. 562, 564 (N.D. Okla. 2009)). Irrespective of word choice, it is well-settled that a federal court treats a state court's pre-removal orders as its own.

This Court has sole jurisdiction over the Confidentiality Order entered by the state court. *See* 28 U.S.C. § 1450; *see also Bartech Sys. Int'l, Inc. v. Mobile Simple Sols., Inc.*, No. 2:15-cv-02422-MMD-NJK, 2017 WL 1425834 (D. Nev. Apr. 19, 2017) (holding that the district court has jurisdiction over a pre-removal confidentiality order "as though it had been rendered" by that court). The state court may not enter an order in this action, including an order related to the Confidentiality Order. *See* 28 U.S.C. § 1446(d) ("[T]he State court shall proceed no further unless and until the case is remanded.").

Plaintiff argues that § 1450, and the related case law, does not apply because "this is not a case pursuant to 28 U.S.C. § 1450." Doc. 27 at 4. However, section 1450 is not a cause of action nor is it a removal statute. Rather, it is a law governing removed cases. Plaintiff does not point to any case law explaining why § 1450 would not apply in this case.

Plaintiff extensively cites the "basic principle[] of federal law," that there is a presumption against federal jurisdiction. Doc. 27 at 4. However, Plaintiff's reliance on this

principle is misplaced. This Court's jurisdiction was set forth in State Farm Mutual's Notice of Removal. Doc. 1. Plaintiff does not allege that this Court lacks jurisdiction over the case as a whole. *See* 28 U.S.C. § 1447(c) (procedure for filing a motion to remand). Instead, Plaintiff argues that this Court lacks jurisdiction over the single Confidentiality Order because of the Order's terms. However, pursuant to § 1450, once this case was removed "[a]ll . . . orders" entered by the state court operate as if this Court had entered them. *See* 28 U.S.C. § 1450; *In re Diet Drugs*, 282 F.3d at 231.

      Finally, Plaintiff argues that the Confidentiality Order should be construed against State Farm Mutual because State Farm Mutual's counsel drafted the court-approved agreement. Doc. 27 at 2 ("We recognize the well-accepted rule that ambiguities in contracts are construed against the drafter.") (quoting *Dumais v. Am. Golf Corp.*, 299 F.3d 1216, 1219 (10th Cir. 2002)). As Plaintiff explains, "confidentiality orders, as court-approved agreements, 'must be construed according to general principles of contract law.'" Doc. 27 at 2 (quoting *S.E.C. v. Merrill Scott & Assoc., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010)). "Thus, deference is to be paid to the plain meaning of the language and the normal usage of the terms selected." *S.E.C.*, 600 F.3d at 1271–72 (citation and ellipsis omitted). The Confidentiality Order merely states that "[t]he Court" will retain jurisdiction over the order. Doc. 1-5 at 80. It does not state that the Second Judicial District Court for the State of New Mexico will retain jurisdiction. When this case was removed, the confidentiality order was "federalized" or "transformed" into an order from this Court. *See In re Diet Drugs*, 282 F.3d at 231; *Resolution Trust Corp.*, 958 F.2d at 1316. Accordingly, by the order's "plain meaning," this Court retains jurisdiction over the order. *See S.E.C.*, 600 F.3d at 1271–72. There is no ambiguity to resolve in Plaintiff's favor. *See Dumais*, 299 F.3d at 1219.

For as long as this case remains in the District of New Mexico, this Court has sole jurisdiction over the terms of the Confidentiality Order.

### b. State Farm Mutual did not waive confidentiality by filing the Motion for Protective Order (Doc. 26).

Plaintiff next argues that State Farm Mutual "waived any confidentiality by filing [the Motion for Protective Order] into the record in federal court, exposing the purportedly confidential material." Doc. 27 at 5; *see also* Rule 11-1511 NMRA ("A person who possesses a privilege against disclosure of a confidential matter or communication waives the privilege if the person voluntarily discloses or consents to disclosure of any significant part of the matter or communication.").

State Farm Mutual correctly responds that it did not expose any confidential material to the public because the filing was made under seal. Doc. 30 at 7–8; *see also* Doc. 26 (state court Motion for Protective Order). Disclosure of a confidential document to the Court does not violate the parties' confidentiality order. Doc. 1-5 at 80 ("Nothing in this Protective Order shall be construed as a limitation on the use of evidence in a submission to the Court."). This Court must necessarily review the potentially confidential information to determine whether it should remain confidential. Additionally, State Farm Mutual, as the removing party, was required to file the complete state court record. *See* D.N.M.LR-Civ. 81.1(a). State Farm Mutual did not waive confidentiality by filing the allegedly confidential material under seal.

### c. State Farm Mutual's Motion for Protective Order (Doc. 26) and related briefing (Docs. 29, 34) may remain under seal.

State Farm Mutual requests that the Motion for Protective Order remain under seal, as it was in state court. Doc. 17 at 1. Plaintiff argues that State Farm Mutual did not address, and thus failed to meet, the applicable legal standards for sealing a filing under Federal Rule of Civil

Procedure 5.2(d). Doc. 27 at 5–6. Regardless of whether State Farm Mutual cited the correct law, the Court will allow the Motion for Protective Order (Doc. 26) to remain under seal until the Court decides the Motion for Protective Order. The response (Doc. 29) and the reply (Doc. 34) to may also remain under seal.

First, and foremost, the state court already granted State Farm Mutual permission to file the Motion for Protective Order under seal. Doc. 1-5 at 190–92 ("Stipulated Order Granting Defendant State Farm Mutual Automobile Insurance Co.'s Unopposed Motion to Seal its Motion for Protective Order and Exhibits Thereto"). State Farm Mutual was not required to file a second motion to seal.[1] *See Granny Goose Foods, Inc.*, 415 U.S. at 436. Nonetheless, presumably out of an abundance of caution, it did so. Doc. 17. And this "Court has authority to revisit, modify, and dissolve state court orders entered prior to removal," including sealing orders. *Parson v. Farley*, 352 F. Supp. 3d 1141, 1151 (N.D. Okla. 2018) (holding that the federal court is not bound by the state court's pre-removal, procedural sealing order).

However, even though it may do so here, this Court does not see an appropriate basis to modify the state court's order granting permission to seal the Motion for Protective Order at this time. There is a well-settled common-law right of access to judicial records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597–99 (1978). But the right is not absolute. *Id.* at 598. "It is beyond question that this Court has discretionary power to control and seal, if necessary, records and files in its possession." *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980). It is common practice to allow a filing to remain under seal while the Court decides whether the information should become public. *See, e.g.*, *Crystal Grower's Corp.*, 616 F.2d at

---

[1] Notably, plaintiff did not oppose State Farm Mutual's request to file its Motion for Protective Order under seal before the state court. Doc. 30 at 1.

461 ("[I]f the records in this Court are not sealed, we would be deciding sub silentio that those documents are not privileged or immune."). Accordingly, the Motion for Protective Order may remain under seal until the merits of the motion are decided.

Additionally, in what appears to be a bit of docketing confusion, State Farm Mutual initially filed the Motion for Protective Order as a new motion on the federal court docket, as opposed to filing it as a piece of the underlying record. *See* Doc. 24 (Marked "Filed in Error"). State Farm Mutual later corrected the error. Doc. 26. But, in an abundance of caution, Plaintiff filed a response to the Motion for Protective Order. Doc. 29. Then, State Farm Mutual filed a reply.[2] Doc. 34. Both the response and reply were filed under seal. For the same reason that the motion should remain under seal until decided, the response and reply may also remain under seal until the merits of the Motion for Protective Order are decided.

### d. The Court defers ruling on the Motion for Protective Order (Doc. 26) until after the Court decides the pending Motion to Dismiss (Doc. 21).

Finally, Plaintiff incorrectly states that State Farm Mutual "abandoned" the original Motion for Protective Order "upon removal." Doc. 27 at 6. It is well settled that "motions pending in state court survive removal to federal court." *In re Montgomery Mall Ltd. P'ship*, 704 F.2d 1173, 1176 (10th Cir. 1983) (string citation omitted). As such, State Farm Mutual's Motion for Protective Order (Doc. 26) remains pending in this Court.

However, this Court's decision on the Motion for Protective Order may be informed by the decision on the pending Motion to Dismiss (Doc. 21). As such, the Court defers ruling on the

---

[2] Accordingly, the Motion for Protective Order is fully briefed, albeit in a procedurally unusual manner. Doc. 35 (Notice of Briefing Complete). The parties did not have the opportunity to file a response or reply while the case was still in state court. *See generally* Doc. 1-5.

Motion for Protective Order until after the Motion to Dismiss is decided. In the interim, the purportedly confidential information must remain confidential.

### III. Conclusion

The Motion for Leave to File Document Under Seal (Doc. 17) is granted. The Court finds that:

1. This Court is the only court with jurisdiction over the parties' Confidentiality Order. *Supra* § II(a).

2. State Farm Mutual did not waive confidentiality by the filing the Motion for Protective Order (Doc. 26) on the federal court docket. *Supra* § II(b).

3. The Motion for Protective Order (Doc. 26) and related briefing (Docs. 29, 24) may remain under seal until the Court decides the merits of the motion. *Supra* § II(c).

4. The Court will defer ruling on the Motion for Protective Order until after it decides the pending Motion to Dismiss (Doc. 21). *Supra* § II(d).

JENNIFER M. ROZZONI
United States Magistrate Judge