IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MELINDA LUCERO,

Plaintiff,

vs.

STATE FARM MUTUAL AUTO INSURANCE COMPANY, STATE FARM FIRE AND CASUALTY COMPANY, and MITCHELL INTERNATIONAL, INC.,

Defendants.

No. 1:24-cv-01068-PJK-JMR

MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO DISMISS (ECF NO. 21)

THIS MATTER comes before the court on the Defendants State Farm Mutual Automobile Insurance Company's and State Farm Fire and Casualty Company's Motion to Dismiss Plaintiff's First Amended Class Action Complaint filed November 18, 2024 (ECF No. 21). Upon consideration, the court finds that the motion is well-taken and should be granted.

**Background**

This suit arises from a 2020 accident involving Plaintiff Melinda Lucero caused by an uninsured motorist. First Amended Compl. (FAC) ¶¶ 14–21 (ECF No. 1-4). At the time, Plaintiff had insurance policies with State Farm Mutual Automobile Insurance

Company (State Farm Mutual) for four vehicles, including a Nissan, the car involved in the accident, and a Kia, which had a policy that included 100/300 uninsured/underinsured (UM/UIM) coverage. Id. ¶¶ 23–30; ECF Nos. 22-1 to -4 (policies). According to Plaintiff, as of the filing of the FAC, State Farm Mutual had reformed two of the policies (Nissan and F-350) to provide 100/300 UM/UIM coverage, amounts consistent with the bodily injury limits. FAC ¶¶ 26, 30.

Plaintiff submitted a UM/UIM claim to State Farm Mutual for over $49,000 in medical expenses; State Farm Mutual offered less, advising that it "only considered" $17,402.98 of those bills. Id. ¶¶ 36–38. It also told her that it uses a "Medicare [S]chedule" to evaluate the reasonableness of submitted expenses, whereby it "uses the amount Medicare will pay for a service to determine the reasonableness of a medical bill, with the reasonable amount being calculated as two-times the Medicare rate[.]" Id. ¶¶ 39–40. Mitchell International, Inc. (Mitchell) created the software program that State Farm Mutual "configur[ed]" to apply the Medicare Schedule as above. Id. ¶¶ 44–45.

In 2023, Plaintiff filed suit in the New Mexico Second Judicial District Court against (1) Luis Rimbert, the uninsured driver who caused the accident; (2) Griselda Valenzuela, the owner of the vehicle he was driving; and (3) State Farm Mutual. ECF No. 1-2 (original complaint). In October 2024, that court granted leave for Plaintiff to file the FAC, wherein she named State Farm Mutual, State Farm Fire and Casualty Company (State Farm Fire) (collectively, "State Farm"), and Mitchell as defendants and dropped Ms. Valenzuela and Mr. Rimbert. ECF No. 1 at 3. She also sought to certify a

class, prompting State Farm to remove the case to this court under the Class Action Fairness Act. Id. at 4–5; 28 U.S.C. § 1332(d)(2), (5)–(6).

Plaintiff alleges that State Farm, in implementing the Medicare Schedule, "violates New Mexico law, including specifically the collateral source rule and the law requiring that [it] pay its insured the amount he/she is legally entitled to recover from a tortfeasor who is uninsured or underinsured." E.g., FAC ¶ 47. She asserts the following: (1) a declaratory judgment action against State Farm (Count I); (2) negligence against State Farm (Count II); (3) breach of contract against State Farm (Count III); (4) breach of the covenant of good faith and fair dealing against State Farm (Count IV); (5) violations of New Mexico's Unfair Insurance Practices Act (UIPA) against State Farm (Count V); (6) violations of New Mexico's Unfair Practices Act (UPA) against State Farm (Count VI); (7) unjust enrichment against State Farm (Count VII); (8) injunctive relief against State Farm (Count VIII); (9) civil conspiracy against State Farm and Mitchell (Count IX); and (10) recovery of unpaid UM/UIM benefits from State Farm (Count X). Id. ¶¶ 81–199.

As for the class claims, Plaintiff defines the class as "[a]ll persons . . . from January 1, 2018 to present, insured for payment of medical bills resulting from the ownership, maintenance, or use of a motor vehicle under an auto policy issued by State Farm in New Mexico."[1] Id. ¶ 61. Insofar as relief, she seeks a declaratory judgment and

---

[1] She further outlines two subclasses: one for those "who paid a premium for UM/UIM coverage under an auto policy issued by State Farm in New Mexico but received a policy wherein State Farm would only pay medical bills based on its Medicare [Schedule] and not New Mexico's collateral source rule or based upon the insured's legal right to recover medical costs[,]" and another for those who have UM/UIM coverage through State Farm in New Mexico "who suffered a bodily injury and had a medical bill

an injunction; compensatory, statutory, and punitive damages; and attorneys' fees and costs Id. at pp. 31–32.

State Farm filed a timely Motion to Dismiss Plaintiff's First Amended Class Action Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). ECF Nos. 21–22. Plaintiff responded and State Farm filed a reply. ECF Nos. 37, 44. For the reasons below, State Farm's motion to dismiss pursuant to Rule 12(b)(6) will be granted.[2]

**Discussion**

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must allege facts sufficient to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). When reviewing such a motion, the court accepts as true all well-pled factual allegations, views them in the light most favorable to the plaintiff, and draws all reasonable inferences in her favor. Vasquez-Garcia v. Centurion, LLC, 172 F.4th 1150, 1157 (10th Cir. 2026). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Although this court's review is ordinarily restricted to the four corners of the complaint, the court may also consider, inter alia, "documents referenced in the complaint that are central to the plaintiff's claims, provided their authenticity is undisputed[.]"

---

they submitted as part of their UM/UIM bodily injury claim reduced from State Farm's use of the Medicare [Schedule]." FAC ¶¶ 62–63.

[2] The court finds sufficient basis to grant dismissal pursuant to Rule 12(b)(6), so it does not consider State Farm's arguments for dismissal pursuant to Rule 12(b)(1).

Morphew v. Chaffee Cnty., 172 F.4th 802, 813 (10th Cir. 2026) Accordingly, to resolve the pending motion, the court considered Plaintiff's insurance policies with State Farm for her four vehicles, which form the basis of her complaint and were submitted by State Farm with its motion to dismiss. ECF Nos. 22-1 to -4.

**A. Breach of Contract (Count III).**

In her breach of contract claim,[3] Plaintiff alleges that State Farm "breached its contractual obligation to" her by denying her the full benefits of her UM/UIM coverage, and by using the Medicare Schedule to determine the reasonableness of her claim, as it is violative of New Mexico's "collateral source rule and its duty to pay insureds the amount they are legally entitled to recover against uninsured/underinsured motorists." FAC ¶¶ 110–12. State Farm argues for dismissal under Rule 12(b)(6) on two grounds: (1) Plaintiff cannot claim UM/UIM benefits from State Farm because she failed to comply with a condition precedent in her policy, and (2) use of the Medicare Schedule does not violate New Mexico state law. ECF No. 22 at 7.

To state a breach of contract claim pursuant to New Mexico law, the plaintiff must plausibly allege "(1) the existence of a valid and binding contract; (2) the plaintiff's compliance with the contract and [her] performance of the obligations under it; (3) a general averment of the performance of any conditions precedent; and (4) damages suffered as a result of defendant's breach." Brassell v. City of Santa Rosa, 693 F. Supp. 3d 1200, 1221 (D.N.M. 2023) (quoting McCasland v. Prather, 585 P.2d 336, 338 (N.M.

[3] The court addresses the claims in the order in which they were presented in State Farm's motion to dismiss.

Ct. App. 1978)). One party's failure to satisfy a relevant condition precedent excuses the other's obligation to perform. See Rodriguez v. Sanchez, 536 P.3d 543, 546 (N.M. Ct. App. 2023).

**1. Failure to Comply with Condition Precedent.**

According to Plaintiff's policy,[4] when deciding fault and amount in an accident involving an uninsured driver, Plaintiff and State Farm Mutual must agree (1) that Plaintiff is "legally entitled to collect damages from the owner or driver of the uninsured motor vehicle[,]" and (2) to the amount of damages Plaintiff "is legally entitled to collect from the owner or driver of the uninsured motor vehicle." ECF No. 22-1 at 7 (emphasis omitted). If the parties cannot agree on the answers to either question, the disputed issue must be resolved either through arbitration or by Plaintiff filing a lawsuit against (1) State Farm Mutual, and (2) the owner and driver of the uninsured motor vehicle "unless [State Farm Mutual] ha[s] consented to a settlement offer[,]" and securing a final judgment in that lawsuit. Id. State Farm argues that Plaintiff cannot sue to recover her claimed UM/UIM benefits because she failed to comply with this condition precedent as she has not secured a final judgment against Mr. Rimbert and/or Ms. Valenzuela. ECF No. 22 at 7–10.

"The obligation of an insurer is a matter of contract law and must be determined by the terms of the insurance policy." Dove v. State Farm Fire & Cas. Co., 399 P.3d 400,

[4] The court accepts as true Plaintiff's allegation that she has $300,000 UM/UIM stacked coverage. FAC ¶¶ 194–196. State Farm does not contest this in the instant motion.

404 (N.M. Ct. App. 2017) (citation modified); Knowles v. United Servs. Auto. Ass'n, 832 P.2d 394, 396 (N.M. 1992). That holds true unless there are "overriding public policy considerations to the contrary[.]" Mountain States Mut. Cas. Co. v. Martinez, 848 P.2d 527, 529 (N.M. 1993). If an insurance provision does conflict with public policy concerns expressed in a statute, it is void. Estep v. State Farm Mut. Auto. Ins. Co., 703 P.2d 882, 885 (N.M. 1985). Otherwise, the court must "give force and effect to [the] policy provisions[,]" including those "that clearly express conditions precedent . . . to coverage." Rummel v. Lexington Ins. Co., 945 P.2d 970, 982 (N.M. 1997). "[C]ompliance with conditions precedent to recovery" on UM/UIM claims are generally "liberally construed so as to effect the . . . purpose" of New Mexico's UM/UIM statute. Schroth v. N.M. Self-Insurer's Fund, 832 P.2d 399, 401 (N.M. 1992).

New Mexico enacted its UM/UIM statute "to protect individual members of the public against the hazard of culpable uninsured motorists." Salas v. Mountain States Mut. Cas. Co., 202 P.3d 801, 808 (N.M. 2009) (citation modified). However, the statute did not abandon the "fundamental tenet of common law negligence . . . that liability must be predicated upon fault." Britt v. Phoenix Indem. Ins. Co., 907 P.2d 994, 998 (N.M. 1995); accord Crumley v. State Farm Mut. Auto. Co., 707 F. Supp. 3d 1116, 1121 (D.N.M. 2023). Accordingly, the insured must show that he or she is "'legally entitled to recover damages' from the UM." Ortiz v. Safeco Ins. Co. of Am., 207 F. Supp. 3d 1216, 1219 (D.N.M. 2016) (quoting N.M. Stat. Ann. § 66-5-301(A)). To do so, "the insured must prove the elements necessary to establish the UM's negligence: duty, breach of duty, causation, and damages." Id. That "is a condition precedent to the obligation of the

insurer to pay off on the policy." Hendren v. Allstate Ins. Co., 672 P.2d 1137, 1141 (N.M. Ct. App. 1983) (citation modified). Any dispute as to the UM's negligence must be resolved "by legal means[,]" i.e., through litigation, settlement, or arbitration. State Farm Mut. Auto. Ins. Co. v. Maidment, 761 P.2d 446, 450 (N.M. 1988); State Farm Mut. Auto. Ins. Co. v. Barker, 96 P.3d 336, 339 (N.M. Ct. App. 2004).

It is undisputed that the parties only contest the value of her damages resulting from the accident. FAC ¶¶ 36–38; ECF No. 37 at 5; ECF No. 1-5 at 128. Thus, pursuant to Plaintiff's insurance policy, Plaintiff was required to either resolve the disagreement through arbitration or sue Mr. Rimbert (driver), Ms. Valenzuela (owner), and State Farm Mutual and secure a final judgment in the action. ECF No. 22-1 at 7. Such a condition precedent is in accordance with the principle of New Mexico law requiring the insured party to establish all elements of the UM's negligence, including damages, before recovering benefits from the insurer. Accordingly, courts have upheld similar conditions precedent. See Crumley, 707 F. Supp. 3d at 1121, 1123 (holding that the failure to meet a similar condition precedent precluded the plaintiff's breach-of-contract claim against the insurer for UM/UIM benefits because there had been "no determination that [the tortfeasor] is legally liable to [the] [p]laintiff"); Barker, 96 P.3d at 338–39 (same where the plaintiff was required to resolve a dispute as to the damages amount in arbitration but failed to do so).

In her brief, Plaintiff fails to engage with these arguments, instead raising several other points that the court does not find persuasive. First, she argues that, under New Mexico law, the phrase "legally entitled to recover" does not mandate her to obtain a

judgment against the UM before suing State Farm for her benefits. ECF No. 37 at 4 (citing Wood v. Miller's Nat'l Ins. Co., 632 P.2d 1163, 1166 (N.M. 1981)). In Wood, the New Mexico Supreme Court declined to read the UM/UIM statute to require the insured to obtain a judgment against the UM before suing her insurer. 632 P.2d at 1166. But neither Wood nor the statute itself explicitly precludes a condition precedent like the one at issue here in an insurance contract. Moreover, Wood deals with factual circumstances entirely different to those before the court in this case. See ECF No. 44 at 4–6 (State Farm's reply brief further distinguishing Wood).

Second, Plaintiff asserts that "[t]here is no threshold damage value required under New Mexico law for UM coverage to apply, just some level of damages is sufficient[,]" citing the UM/UIM statute. ECF No. 37 at 5. But as explained, the insured must be "legally entitled to recover damages from" a UM, and to do so, he or she must first establish all elements of negligence, including damages, on the part of the UM through legal means. Moreover, this argument entirely ignores the language of the policy, which clearly requires resolution of the issue of damages through a final judgment or arbitration. Here, Plaintiff and State Farm dispute the damages to which she is entitled. Therefore, "there has been no determination that [the UM] is legally liable to Plaintiff—which is a condition precedent to the obligation of the insurer to pay off on the policy[.]" Crumley, 707 F. Supp. 3d at 1123 (citation modified).

Finally, Plaintiff argues that "[t]o the extent that the State Farm Policies are inconsistent with or impose conditions beyond those in the UM/UIM Statute, the policy is unenforceable." ECF No. 37 at 5. But Plaintiff does not raise this allegation in her

complaint, nor does she explain in her briefing how the condition precedent violates public policy. And the two cited cases she relies upon address insurance provisions entirely unlike the ones at issue here. Estep, 703 P.2d at 110 (household exclusion clause); Chavez v. State Farm Mut. Auto. Ins. Co., 533 P.2d 100, 101–03 (N.M. 1975) (exclusion limiting UM coverage to incidents involving the covered vehicle and not other vehicles owned by the policyholder). Therefore, the court declines to consider this inadequately briefed argument. See Bronson v. Swensen, 500 F.3d 1099, 1105 (10th Cir. 2007); Wild Watershed v. Hurlocker, 393 F. Supp. 3d 1086, 1092 n.5 (D.N.M. 2019), aff'd, 961 F.3d 1119 (10th Cir. 2020).

Plaintiff has failed to comply with the unambiguous condition precedent in her insurance contract. Therefore, she has failed to properly plead an essential element of her breach of contract claim. Brassell, 693 F. Supp. 3d at 1221.

**2. Failure to Allege Violations of New Mexico Law.**

State Farm argues that, even when putting aside the condition precedent, Plaintiff has failed to properly plead a breach of contract claim because she has not plausibly alleged how the use of the Medicare Schedule violates New Mexico law. ECF No. 22 at 10–13. Plaintiff provides two separate bases for her claim that use of the Medicare Schedule is unlawful: it violates (1) New Mexico's collateral source rule and (2) "the law requiring that State Farm pay its insured the amount he/she is legally entitled to recover from a tortfeasor who is uninsured or underinsured." FAC ¶¶ 47, 112.

The collateral source rule is an exception to New Mexico's general prohibition on double recovery for a plaintiff's injuries. Gonzagowski v. Steamatic of Albuquerque,

Inc., 533 P.3d 1068, 1073 (N.M. 2023). It provides that "compensation received from a collateral source does not operate to reduce damages recoverable from a wrongdoer." Id. (citation modified). In simple terms, "if a plaintiff is compensated for injuries by any source unaffiliated with the defendant, the defendant must still pay damages, even if this means that the plaintiff recovers twice." Id. (citation modified). The purpose of the rule is to ensure that the tortfeasor compensates the plaintiff for his or her injuries rather than a "blameless but generous part[y]." Id. at 1074 (citation modified).

In its opening brief in support of its motion, State Farm argues that New Mexico law only entitles the injured party to collect reasonable medical expenses, citing various cases to that effect. ECF No. 22 at 10–11. On this basis, State Farm argues that State Farm Mutual was not obligated to pay the billed amount but rather only the reasonable amount of Plaintiff's expenses, which it calculated using the Medicare Schedule. Id. It further asserts that there is nothing in the collateral source rule that bars it from assessing or contesting the reasonableness of the billed amount. Id. at 11–12.

In response, Plaintiff seemingly concedes that the insurer can challenge the reasonableness of billed medical costs. ECF No. 37 at 9 ("The issue in this case is not whether State Farm must pay the billed amount. . . . State Farm may take certain steps to contest the reasonableness of a medical bill."). She instead argues that, under New Mexico's collateral source rule, the billed amount of medical expenses is prima facie proof of reasonableness, creating a rebuttable presumption that the insurer may challenge using expert testimony. Id. at 5–10.

But Plaintiff fails to assert in her FAC and argue in her brief that she is being compensated for her injuries from a collateral source, let alone explain how State Farm Mutual reduced Plaintiff's benefits or damages based on compensation from a collateral source. See Gonzagowski, 533 P.3d at 1073. That is the gravamen of the collateral source rule, as evidenced by the cases that Plaintiff cites. See, e.g., Williamson v. Metro. Prop. & Cas. Ins. Co., No. 1:15-CV-958 JCH/LF, 2018 WL 1787510, at *4 (D.N.M. Apr. 12, 2018) (holding that the rule "bar[red] evidence of the amount the Plaintiff's medical provider wrote off of the medical bills pursuant to an agreement with Plaintiff's health insurer"). Nothing suggests that State Farm sought credit for some benefit Plaintiff received from a collateral source. Moreover, none of the cases cited by Plaintiff support her claim that the collateral source rule somehow bars State Farm Mutual's use of the Medicare Schedule when determining the reasonable amounts of medical expenses to which Plaintiff is entitled. Many of the cases deal with evidentiary issues, while others do not even address the collateral source rule. See, e.g., id. at *3–4; Romero v. Mervyn's, 784 P.2d 992, 1002 (N.M. 1989).

As for her claim in the FAC that the use of the Medicare Schedule violates "the law requiring that State Farm pay its insured the amount he/she is legally entitled to recover from a tortfeasor who is uninsured or underinsured[,]" she presumably references New Mexico's UM/UIM statute. FAC ¶ 47. But Plaintiff does not advance any argument in her brief that the Medicare Schedule violates any provision or principle of that or any other statute. Her failure to properly develop this claim in response to State Farm's motion to dismiss means that she has abandoned it. See C1.G ex rel. C.G. v. Siegfried,

38 F.4th 1270, 1282 (10th Cir. 2022); Sutton v. Globe Energy Servs., LLC, No. 2:17-CV-01073-KG/SMV, 2018 WL 3488118, at *4 (D.N.M. July 19, 2018). In any event, the court does not accept legal conclusions as true. Spinelli v. Coherus Biosciences, Inc., 167 F.4th 1274, 1280 (10th Cir. 2026). Therefore, Plaintiff has failed to "show that there is 'more than a sheer possibility that a defendant has acted unlawfully.'" Id. (quoting Iqbal, 556 U.S. at 678).

In sum, Plaintiff has failed to plausibly allege that State Farm breached its contractual obligations to her. Therefore, the court will dismiss Count III.

**B. Recovery of UM/UIM Benefits (Count X).**

On similar bases, State Farm argues that Count X, Plaintiff's claim to recover UM/UIM benefits, should be dismissed. ECF No. 22 at 13. That claim states that Plaintiff ought to recover the full $49,000 of claimed medical expenses because that is the amount "she is legally entitled to recover" from the UM, Mr. Rimbert. FAC ¶ 198. In her brief, Plaintiff argues that she is so entitled because "New Mexico law does not require . . . a judgment [against the tortfeasor] first, nor can . . . State Farm . . . impose such a requirement." ECF No. 37 at 22. The court has already rejected these arguments and will accordingly dismiss Count X.

**C. Declaratory Relief (Count I).**

In Count I, Plaintiff seeks declaratory relief, asking the court to "declare the rights, status, and liabilities of the parties under State Farm's auto policies issued in New Mexico" and to find that its use of the Medicare Schedule violates the collateral source

rule "and its duty to pay insureds the amount they are legally entitled to recover[.]"[5] FAC ¶ 85. State Farm moves to dismiss this claim because it "rests on the same legal theory, and the same factual allegations, as her claim for breach of contract." ECF No. 22 at 13–14. Plaintiff does not appear to dispute this point. ECF No. 37 at 11. Because the substantive claims underlying her request for declaratory relief have been dismissed, that request is not viable. See Utah Animal Rts. Coal. v. Salt Lake Cnty., 566 F.3d 1236, 1245 (10th Cir. 2009); Long v. Wells Fargo Bank, N.A., 670 F. App'x 670, 671 (10th Cir. 2016). Therefore, the court will dismiss Count I.

**D. Negligence (Count II).**

In Count II, Plaintiff alleges negligence on the part of State Farm because it misrepresented her UM/UIM policies. FAC ¶¶ 86–104. This count appears to rest on the same grounds already rejected above—that New Mexico law requires State Farm to reimburse Plaintiff for the billed amount of her medical expenses. Id. ¶ 90. Moreover, as State Farm points out, under New Mexico law, Plaintiff cannot maintain a separate negligence claim against an insurer and can instead only allege negligence as an element of a bad faith or a negligent misrepresentation claim. See Ambassador Ins. Co. v. St. Paul

[5] In her FAC and her brief, Plaintiff asserts she is entitled to relief under New Mexico's Declaratory Judgment Act rather than the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–02. FAC ¶ 82; ECF No. 37 at 10–11. As State Farm reminds this court, this suit was removed to federal court on the basis of diversity jurisdiction pursuant to CAFA. ECF No. 44 at 8 n.5. Therefore, it is "the federal Declaratory Judgment Act [that] will control the procedure governing Plaintiff's claim for declaratory judgment." Albuquerque Ambulatory Eye Surgery Ctr. LLC v. Transp. Ins. Co., 566 F. Supp. 3d 1178, 1199 (D.N.M. 2021).

Fire & Marine Ins. Co., 690 P.2d 1022, 1024–25 (N.M. 1984); Belanger v. Allstate Fire & Cas. Ins. Co., 588 F. Supp. 3d 1249, 1261–62 (D.N.M. 2022).

Seeking to survive dismissal, Plaintiff attempts to recast her allegations as a negligent misrepresentation claim. ECF No. 37 at 11–12. To state such a claim, Plaintiff must show "(1) the defendant made a material representation to plaintiff, (2) the plaintiff relied upon the representation, (3) the defendant knew the representation was false or made it recklessly, and (4) the defendant intended to induce reliance by the plaintiff." Apodaca v. Young Am. Ins. Co., 702 F. Supp. 3d 1094, 1120 (D.N.M. 2023) (quoting Robey v. Parnell, 392 P.3d 642, 652 (N.M. Ct. App. 2017)). Plaintiff alleges that State Farm "materially misrepresented the terms and benefits of UM/UIM coverage" when it used the Medicare Schedule "to evaluate medical bills[.]" FAC ¶ 89; see also ECF No. 37 at 12. But nowhere does she "indicat[e] what those false or misleading representations are, who said them, how [she] relied on them, or why [she] was justified in doing so." Compare Raja v. Ohio Sec. Ins. Co., 305 F. Supp. 3d 1206, 1253 (D.N.M. 2018), with Bhasker v. Kemper Cas. Ins. Co., 361 F. Supp. 3d 1045, 1148 (D.N.M. 2019) (denying motion to dismiss because plaintiff supported negligent misrepresentation claim with sufficient factual allegations). Therefore, she makes nothing more than "naked assertions devoid of further factual enhancement" in her negligence claim. Iqbal, 556 U.S. at 678 (citation modified). For these reasons, the court will dismiss Count II.

**E. Breach of the Covenant of Good Faith and Fair Dealing (Count IV).**

In Count IV, Plaintiff avers that State Farm breached the implied covenant of good faith and fair dealing "when it implemented the Medicare [Schedule] to determine the

reasonableness of medical bills[,]" when "it failed to adequately and timely investigate the value of" her UM/UIM claims, when "it "failed to provide [her] the full extent of benefits due" under her policy, and when "it failed to ensure that its insured received all of the benefits to which they are entitled." FAC ¶¶ 120–24.

New Mexico imposes the implied covenant of good faith and fair dealing on every contract; to show breach, the plaintiff must establish the other party acted in bad faith or that it "wrongfully and intentionally used the contract to the detriment of the other party." Apodaca, 702 F. Supp. 3d at 1130 (quoting Sanders v. FedEx Ground Package Sys., 188 P.3d 1200, 1203 (N.M. 2008)). The duty imposed by the covenant "becomes part of the contract and the remedy for its breach is on the contract itself." Id. at 1131 (quoting Bourgeous v. Horizon Healthcare Corp., 872 P.2d 852, 857 (N.M. 1994)).

Here, as Plaintiff states, "the heart of the FAC, and factual allegations in such, is that State Farm uses the Medicare [Schedule] to reduce the damages it pays insureds under UM/UIM coverage." ECF No. 37 at 14–15. Therefore, her breach-of-covenant claim rests on the same factual allegations as her inadequate breach-of-contract claim. "Since a breach of the implied covenant of good faith and fair dealing is intrinsically tied to the damages resulting from a breach of contract, and Plaintiff's breach-of-covenant claim relies on the exact same grounds as [her] breach-of-contract claim, a separate cause of action for breach of the implied covenant is duplicative[.]" Malcolm Int'l LLC v. Fisher Sand & Gravel-N.M., Inc., No. 1:23-CV-00188-WJ-JMR, 2023 WL 7924169, at *5 (D.N.M. Nov. 16, 2023); Armijo v. State, Dep't of Transp., No. CUV08-0336JB/ACT, 2009 WL 1329192, at *7 (D.N.M. Apr. 6, 2009) (dismissing "derivative" breach-of-

covenant claim due to "inadequate" breach-of-contract claim). Therefore, the court will dismiss Count IV.

**F. Unfair Insurance Practices Act (Count V) and Unfair Practices Act (Count VI).**

Count V and Count VI respectively allege violations of New Mexico's UIPA, N.M. Stat. Ann. §§ 59A-16-1 to -30, and of its UPA, id. §§ 57-12-1 to -27.

The UIPA prohibits certain unfair or deceptive acts and practices and compels insurers to disclose material facts pertaining to their policies. Peck v. Progressive N. Ins. Co., 665 F. Supp. 3d 1248, 1256 (D.N.M. 2023). It proscribes a laundry list of practices, including, relevant here, "misrepresenting to insureds pertinent facts or policy provisions relating to coverages at issue[,]" and "failing to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies[.]" N.M. Stat. Ann. § 59A-16-20(A), (C).

Like the UIPA, the UPA prohibits "unfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce[.]" Id. § 57-12-3. Those practices include "representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that the person does not have[,]" "using exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive[,]" "failing to deliver the quality or quantity of goods or services contracted for[,]" and "tak[ing] advantage of the lack of knowledge, ability, experience or capacity of a person to a

grossly unfair degree[.]" Id. § 57-12-2(D)(5), (14), (17), (E)(1). To properly plead a UPA claim, the plaintiff must allege "(1) [the] defendant made an oral or written statement that was either false or misleading; (2) the false or misleading representation was knowingly made in connection with the sale of goods or services; (3) the conduct complained of occurred in the regular course of defendant's business; and (4) the representation may, tends to, or does deceive or mislead any person." Lucero v. Travelers Com. Ins. Co., 647 F. Supp. 3d 1115, 1128 (D.N.M. 2022) (citation modified); Lohman v. Daimler-Chrysler Corp., 166 P.3d 1091, 1093 (N.M. Ct. App. 2007).

Plaintiff alleges that State Farm violated the relevant provisions of the UIPA and the UPA in its use and implementation of the Medicare Schedule. See FAC ¶¶ 133–38, 146–56. But critically, she fails to point to any specific misrepresentations in support of her claim, including any misrepresentations made to her at the time of purchase of the policy. Her "vague recitation of unidentified misrepresentations and failures, untethered to any factual allegations . . . is insufficient to state a [UIPA] claim[.]" Lucero, 647 F. Supp. 3d at 1128 (D.N.M. 2022); Form-Cove Mfg., Inc. v. Cent. Mut. Ins. Co., No. 1:21-CV-00361-KWR-KK, 2021 WL 3190336, at *4 (D.N.M. July 28, 2021) (bare recitation of UIPA elements was insufficient to state a claim). That failure also proves fatal to her UPA claim. Lucero, 647 F. Supp. 3d at 1128–29; W. Agric. Ins. Co. v. Legacy Med. Servs., LLC, No. CIV 19-0679 JB\KRS, 2020 WL 4201825, at *27 (D.N.M. July 22, 2020). Further, to the extent that Plaintiff alleges that State Farm misrepresented that she is "owed less than [she is] legally entitled to recover" through its use of the Medicare Schedule, or that its use of the Medicare Schedule is "without any basis[,]" that claim

fails for the same reasons as her breach-of-contract claim. ECF No. 37 at 16–17; FAC ¶¶ 116, 129 (incorporating prior allegations). Therefore, the court will dismiss Count V and Count VI.

**G. Unjust Enrichment (Count VII).**

In Count VII, Plaintiff alleges that State Farm misled her through its use of the Medicare Schedule, resulting in a "windfall" that "allowed them to invest and enjoy the benefits of their deceptive and intentional conduct[,]" thereby amounting to unjust enrichment. FAC ¶¶ 162. She claims that she is "entitled to the value of the UM/UIM coverage and Medical Payments coverage premiums collected under the equitable theory of unjust enrichment." Id. ¶ 163. To state an unjust enrichment claim, the plaintiff must show that "(1) another has been knowingly benefitted at one's expense (2) in a manner such that allowance of the other to retain the benefit would be unjust." Ontiveros Insulation Co. v. Sanchez, 3 P.3d 695, 698 (N.M. Ct. App. 2000).

As the court has explained, Plaintiff has not identified any specific material misrepresentations State Farm made. That alone provides grounds for dismissal of her unjust enrichment claim to the extent that it relies on her allegations that State Farm "misled, deceived, and acted in an unfair manner[.]" FAC ¶ 162.

Moreover, unjust enrichment claims are quasi-contractual in nature. See Ontiveros, 3 P.3d at 698–99. Under New Mexico law, "quasi-contractual remedies are not to be created when an enforceable express contract regulates the relations of the parties with respect to the disputed issue. Courts have recognized this principle and have stated their unwillingness to resort to the doctrine of unjust enrichment to override a

contractual provision." Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co., 407 F.3d 1091, 1117 (10th Cir. 2005) (citation modified) (interpreting New Mexico law). Accordingly, unjust enrichment claims are not available if the subject matter of the claim is governed by a contract. See Armijo v. FedEx Ground Package Sys., Inc., 285 F. Supp. 3d 1209, 1217–19 (D.N.M. 2018); Rader v. Sandia Lab'y Fed. Credit Union, No. CV 20-559 JAP/JHR, 2021 WL 1533664, at *9 (D.N.M. Apr. 19, 2021).

That is precisely the case here, where Plaintiff's relationship with State Farm is governed by her insurance contract and she has accordingly brought a breach-of-contract claim against State Farm. Because Plaintiff has not pled that the contract is void or otherwise unenforceable, the court will dismiss Count VII. Rader, 2021 WL 1533664 at *9.

**H. Injunctive Relief (Count VIII).**

In Count VIII, Plaintiff seeks to enjoin State Farm from using the Medicare Schedule in determining the reasonableness of medical bills. FAC ¶¶ 166–69.

Plaintiff does not specify whether she seeks a preliminary or permanent injunction, but the requirements are nearly identical. To obtain the former, Plaintiff bears the burden of showing (1) a likelihood of success on the merits, (2) irreparable harm in the absence of an injunction, (3) that her threatened harm in the absence of the injunction outweighs the opposing party's harm with the injunction, and (4) that an injunction is not adverse to the public interest. Pryor v. Sch. Dist. No. 1, 99 F.4th 1243, 1250 (10th Cir. 2024). To obtain the latter, she must show the same except she must establish actual success on the merits. Sw. Stainless, LP v. Sappington, 582 F.3d 1176, 1191 (10th Cir. 2009).

The crux of Plaintiff's request for injunctive relief is that State Farm's use of the Medicare Schedule violates New Mexico law, an argument that the court has rejected. Therefore, Plaintiff has failed to establish likelihood of success on the merits, providing sufficient grounds for dismissal. See Denver Homeless Out Loud v. Denver, 32 F.4th 1259, 1277 (10th Cir. 2022).

Beyond the first factor, Plaintiff has also failed to show any irreparable harm. It is a well settled principle in the Tenth Circuit that simple economic loss is not enough to constitute irreparable harm because "such losses are compensable by monetary damages." Schrier v. Univ. of Colo., 427 F.3d 1253, 1267 (10th Cir. 2005) (citation modified). Economic loss can only establish irreparable harm on its own in limited circumstances, such as when "money damages . . . cannot later be recovered for reasons such as sovereign immunity[.]" Crowe & Dunlevy, P.C. v. Stidham, 640 F.3d 1140, 1157 (10th Cir. 2011) (citation modified). In the FAC, Plaintiff argues that she and the putative class members would suffer such harm based on the fact that they are "paying a premium for illusory and/or misleading coverage." FAC ¶ 166. But this is an economic harm that "can be calculated simply by totaling billed amounts." ECF No. 22 at 21. And although Plaintiff argues that "monetary damages at a later time would not adequately compensate" for this alleged injury, FAC ¶ 166; ECF No. 37 at 20, she fails to explain why this would be the case in her complaint or in her brief.

Finally, Plaintiff has failed to address the remaining two factors needed for injunctive relief.[6] Because Plaintiff has failed to establish any of the factors required for injunctive relief, the court will dismiss Count VIII. Valdez, 559 F. Supp. 3d at 1183.

**I. Civil Conspiracy (Count IX).**

Plaintiff's last remaining substantive claim is Count IX, wherein she alleges the State Farm Defendants and Mitchell all conspired to employ the Medicare Schedule using Mitchell's software in violation of New Mexico law. FAC ¶¶ 171–85. To properly plead such a claim, the plaintiff must allege "(1) that a conspiracy between two or more individuals existed; (2) that specific wrongful acts were carried out by the defendants pursuant to the conspiracy; and (3) that the plaintiff was damaged as a result of such acts." Seeds v. Lucero, 113 P.3d 859, 863 (N.M. Ct. App. 2005) (citation modified). However, "civil conspiracy by itself is not actionable and must instead attach to the independent, unlawful acts alleged in Plaintiff's claim[s.]" Deflon v. Sawyers, 137 P.3d 577, 582 (N.M. 2006), as corrected (June 29, 2006) (citation modified). Accordingly, because Plaintiff "has failed to state a claim for any underlying cause of action that would support [her] civil conspiracy claim," the court will dismiss Count IX against State Farm. Healthsource, Inc. v. X-Ray Assocs. of N.M., 116 P.3d 861, 872 (N.M. Ct. App. 2005); Hubbard v. J Message Grp. Corp., 325 F. Supp. 3d 1198, 1221 (D.N.M. 2018).

[6] In her brief, Plaintiff argues that the court "must consider a number of factors and balance the equities and hardships[,]" citing to several New Mexico cases. ECF No. 37 at 20 (citation modified). But diversity courts apply federal-law standards when assessing requests for preliminary injunctions. See Flood v. ClearOne Commc'ns, Inc., 618 F.3d 1110, 1117 (10th Cir. 2010); Equifax Servs., Inc. v. Hitz, 905 F.2d 1355, 1361 (10th Cir. 1990).

**J. Claims Against State Farm Fire.**

Plaintiff brings the above claims against both State Farm Mutual and State Farm Fire. She argues State Farm Fire can be held liable because it worked with State Farm Mutual "as a joint venture to sell automobile policies[.]" FAC ¶ 5. To properly plead a joint venture, Plaintiff must allege facts sufficient to show that the State Farm Defendants "agree[d] to combine their money, property or time for conducting a particular business venture and agree[d] to share jointly in profits and losses, with the right of mutual control over the business enterprise or over the property." Quirico v. Lopez, 740 P.2d 1153, 1155 (N.M. 1987).

To support her joint venture claim, Plaintiff avers, inter alia, that State Farm Mutual and State Farm Fire "had and have an agreement to combine their money, property, time, resources, sales, adjustment and underwriting services in the provision of insurance products and services[,]" that they agreed to "share in profits and losses[,]" and that they each "have right of mutual control over all [their] business or insurance activities." FAC ¶¶ 50–51, 54. But Plaintiff purchased her policies from State Farm Mutual, not State Farm Fire, and none of her policies indicate any contractual relationship with State Farm Fire. See ECF Nos. 22-1 to -4. Further, as State Farm points out, she "does not plead any facts indicating that [she] had any contact with State Farm Fire, or that State Farm Fire played any role in the adjustment of her claim." ECF No. 22 at 23. Indeed, beyond claiming that they "publicly affiliate as a group of companies under the State Farm umbrella" and pointing to a State Farm press release that mentions that State Farm Mutual "is the parent of the State Farm family of companies[,]"

Plaintiff makes only minimal factual allegations in support of her claims. FAC ¶¶ 6–7; State Farm General Insurance Company: Update on California, State Farm (Mar. 20, 2024), https://newsroom.statefarm.com/update-on-california/.

Although Plaintiff has shown that State Farm Fire and State Farm Mutual are affiliates, "a parent-subsidiary relationship or affiliation is not sufficient, by itself, to create a joint venture." Thaxton v. GEICO Advantage Ins. Co., No. 1:18-CV-00306-KWR-KK, 2022 WL 562264, at *4 (D.N.M. Feb. 24, 2022) (citing Wirth v. Sun Healthcare Grp., Inc., 389 P.3d 295, 304–05 (N.M. Ct. App. 2017)). And her other conclusory allegations are insufficient to establish the elements required to show a joint venture. See, e.g., id.; Lucero v. Nationwide Mut. Ins. Co., No. 19-CV-0311 KK/JHR, 2022 WL 4598482, at *8 (D.N.M. Sept. 30, 2022).

In her brief, Plaintiff cites to several cases wherein courts have deferred ruling on the dismissal of joint venture claims against non-contracting affiliates of the defendant insurer until there is further discovery on the issue. ECF No. 37 at 23–24; Belanger, 588 F. Supp. 3d at 1260–61; Peck, 665 F. Supp. 3d at 1255. But those cases can be distinguished from Plaintiff's case for at least two reasons. First, in both Belanger and Peck, the court found independent reasons to deny dismissal of the claims against the contracting insurer. Belanger, 588 F. Supp. 3d at 1267; Peck, 665 F. Supp. 3d at 1263. That is not the case here, and the court sees little reason to permit discovery on this narrow issue when Plaintiff's substantive claims have been dismissed. Second, both cases rely on a New Mexico Court of Appeals case that held that the plaintiff plausibly alleged a joint venture involving a non-contracting insurer because she pled facts

sufficient to show that the non-contracting insurer "has control over and makes the ultimate determination regarding the merits of an insured's claim." Dellaira v. Farmers Ins. Exch., 102 P.3d 111, 115 (N.M. Ct. App. 2004). Here, Plaintiff specifically avers that it was State Farm Mutual, not State Farm Fire, that made the relevant determination. FAC ¶¶ 37–39. The only other allegations that suggest State Farm Fire had any involvement in that determination are conclusory and unsupported by sufficient factual allegations. See, e.g., id. ¶¶ 52–55.

Therefore, Plaintiff's failure to properly plead the existence of a joint venture between State Farm Mutual and State Farm Fire is a separate and additional reason for dismissal of the claims against the latter. See Hurtado v. AM Transp. Servs., Inc., No. 22-CV-0599 KG/JFR, 2023 WL 5726014, at *10 (D.N.M. Sept. 5, 2023).

**K. Class Action Claims.**

Finally, the court addresses the class action claims. Plaintiff's failure to state her own claims as to the individual counts proves fatal to her class action claims and her ability to seek relief, including equitable relief, on behalf of the putative class. See O'Shea v. Littleton, 414 U.S. 488, 494 (1974); Robey v. Shapiro, Marianos & Cejda, L.L.C., 434 F.3d 1208, 1213 (10th Cir. 2006).

NOW, THEREFORE, IT IS ORDERED that Defendants State Farm Mutual Automobile Insurance Company's and State Farm Fire and Casualty Company's Motion to Dismiss Plaintiff's First Amended Class Action Complaint filed November 18, 2024 (ECF No. 21) is GRANTED. All counts (Counts I through X) against Defendants State

Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company are DISMISSED with prejudice.

DATED this 5th day of August 2026, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation

Counsel:

Todd A. Schwarz, Miller Stratvert P.A., Albuquerque, New Mexico; and Joseph A. Cancila, Jr. and Sondra A. Hemeryck, Riley Safer Holmes & Cancila, LLP, Chicago, Illinois, for Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company.

Bryan Williams, Williams Injury Law, P.C., Albuquerque, New Mexico; Geoffrey R. Romero, Law Offices of Geoffrey R. Romero, Albuquerque, New Mexico; Andrea D. Harris, Valle, O'Clerieachain, Zamora & Harris, P.C., Albuquerque, New Mexico; Nikko Harada and Christopher Winters, Harada & Winters Law Firm, Albuquerque, New Mexico; and Kevin Holmes, Holmes Law Firm, P.C., Albuquerque, New Mexico, for Plaintiff.