IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| MELINDA LUCERO,<br><br>Plaintiff,<br>vs.<br><br>STATE FARM MUTUAL AUTO INSURANCE COMPANY, STATE FARM FIRE AND CASUALTY COMPANY, and MITCHELL INTERNATIONAL, INC.,<br><br>Defendants. | No. 1:24-cv-01068-PJK-JMR |

MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 55)

THIS MATTER comes before the court on Plaintiff Melinda Lucero's Motion to Reconsider Memorandum Opinion and Order Granting Motion to Dismiss filed September 2, 2026 (ECF No. 55). Upon consideration, the court finds that the motion is not well-taken and should be denied.

**Background**

This suit arises from a 2020 accident caused by an uninsured motorist and the subsequent handling of Plaintiff's uninsured/underinsured (UM/UIM) claim for reimbursement of medical expenses by her insurance carrier State Farm Mutual Automobile Insurance Company (State Farm Mutual). First Amended Compl. (FAC)

¶¶ 14–38. According to Plaintiff, State Farm advised her that it limited consideration of her $49,000 claim for medical expenses to $17,402.98 based upon its use of a "Medicare [S]chedule[,]" whereby it evaluated the reasonableness of submitted expenses using "the amount Medicare will pay for a service . . . with the reasonable amount being calculated as two-times the Medicare rate." Id. ¶¶ 36–40. She filed a class action complaint against State Farm Mutual, State Farm Fire and Casualty Company (State Farm Fire) (collectively, "State Farm"), and Mitchell International, Inc. (Mitchell), alleging that the use of the Medicare Schedule violated New Mexico law. Id. ¶¶ 41–43. Plaintiff asserted nine counts against State Farm, including breach of contract, recovery of UM/UIM benefits, negligence, breach of the covenant of good faith and fair dealing, violations of New Mexico's Unfair Insurance Practices Act (UIPA) and Unfair Practices Act (UPA), unjust enrichment, and injunctive and declaratory relief (Counts I–XIII, X), and a state law civil conspiracy claim against State Farm and Mitchell (Count IX). Id. ¶¶ 61–199.

State Farm filed a timely motion to dismiss the FAC, which was fully briefed as of January 17, 2025. ECF Nos. 21–22, 37, 44–45. On July 15, 2026, this case was transferred to the undersigned. ECF No. 48. At the request of the parties, the court held an in-person status conference in Santa Fe on July 22, 2026. ECF No. 51. There, the court asked whether the parties wanted oral argument on the motion, but Plaintiff and State Farm told the court that the briefing on the motion was thorough and the court could review and decide the motion on the papers alone. Id. at 2. On August 5, 2026, the court entered a memorandum opinion and order (the "Dismissal Order") granting State Farm's

motion to dismiss pursuant to Rule 12(b)(6) and dismissing all counts against State Farm. 2026 WL 2255078 (D.N.M. Aug. 5, 2026) (ECF No. 52). This motion followed.

## Discussion

Plaintiff asks the court to reconsider the Dismissal Order. In the alternative, she moves for leave to amend the FAC. She also seeks certification of certain issues to the New Mexico Supreme Court. For the following reasons, her motion for reconsideration and other requests must be denied.

Plaintiff seeks reconsideration under Rule 59(e), which permits a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e). State Farm does not contest that Rule 59(e) governs.[1] Such a motion may only be granted because of (1) an intervening change in controlling law, (2) the discovery of new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). It is well-settled, however, that such motions are

[1] The Tenth Circuit takes a practical approach to finality, looking to the district court's intent as well as the language and attendant circumstances of its order. Moya v. Schollenbarger, 465 F.3d 444, 449 (10th Cir. 2006). Although the court has not yet entered a final judgment, it dismissed all counts against State Farm and ordered Plaintiff to show cause as to why the remaining conspiracy count against Mitchell should not be dismissed. Thus, the court intended its decision to be final, so Rule 59(e) governs. Spinelli v. Coherus Biosciences, Inc., 167 F.4th 1274, 1279 n.2 (10th Cir. 2026).

But even if Rule 59(e) did not apply, the court's analysis would be the same. Under Rule 54(b), the court has the discretion to "revise[]" nonfinal orders "at any time before the entry of a [final] judgment[.]" Fed. R. Civ. P. 54(b). The court applies the same standard to Rule 54(b) motions as it does to Rule 59(e) motions. Ankeney v. Zavaras, 524 F. App'x 454, 458 (10th Cir. 2013); accord Hart v. State Farm Mut. Auto. Ins. Co., 546 F. Supp. 3d 1023, 1026 (D.N.M. 2021).

inappropriate vehicles for revisiting issues previously addressed or advancing arguments that could have been raised in prior briefing. E.g., id.

The court dismissed Plaintiff's claims primarily because (1) a condition precedent in Plaintiff's insurance contract requiring her to secure judgment against the owner and/or driver of the vehicle causing the accident precluded her suit and (2) Plaintiff failed to plausibly allege that the Medicare Schedule violated New Mexico state law. 2026 WL 2255078, at *3–6.

In the instant motion, Plaintiff contends that reconsideration is warranted to correct clear error or prevent manifest injustice. ECF No. 55 at 4. She asserts that the court misapplied the Rule 12(b)(6) standard when it concluded that Plaintiff failed to properly plead that State Farm's use of the Medicare Schedule violated New Mexico law, arguing that the court improperly made a merits determination instead.[2] Id. at 4–7. She argues that New Mexico's UM/UIM statute requires State Farm to pay out her claim without first securing a judgment, citing to New Mexico case law and sections of the UIPA. Id. at 14–16. As for the condition precedent, she claims that the court erred by failing to conclude that it violated New Mexico law. Id. at 7–9. Plaintiff specifically argues that the condition precedent violates New Mexico public policy and sections of the UIPA. Id. at 7–8, 10–11. She also claims that the court "missed" case law that allegedly prohibits the condition precedent in her insurance contract. Id. at 11–12. Finally, she

[2] Although Plaintiff recites the correct 12(b)(6) standard, ECF No. 55 at 9, she confusingly also cites to the "no set of facts" standard that has long since been abandoned for the familiar plausibility standard, id. at 6; Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554–63 (2007).

claims that "State Farm's own practices fail to require a judgment for payment of underinsured . . . claims[,]" confusingly citing depositions, discovery materials, and filings from **other suits** against State Farm.[3] Id. at 16–20.

Contrary to her claims, it is Plaintiff who misapprehends the 12(b)(6) standard, not the court. In the Dismissal Order, the court concluded that Plaintiff failed to identify what provisions or principles of New Mexico's UM/UIM statute or any other statute the Medicare Schedule violated and therefore that she failed to "show that there is 'more than a sheer possibility that [State Farm] has acted unlawfully.'" 2026 WL 2255078, at *6 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). It also rejected her claim that the UM/UIM statute facially barred the condition precedent or somehow required payment on the entirety of her claim, or that the condition precedent was barred by public policy. Id. at *3–4. Plaintiff would have the court accept her conclusory allegations about the legality of the condition precedent or the Medicare Schedule as true, but it was under no obligation to do so. Iqbal, 556 U.S. at 678. And her arguments on these points in the instant motion are attempts to re-litigate issues the court has already decided.

Nor did the court miss or overlook relevant case law. ECF No. 55 at 11. To the contrary, the Dismissal Order specifically discussed one of the cases claimed to be

[3] In the Dismissal Order, the court also concluded that Plaintiff failed to plausibly allege that the Medicare Schedule violated New Mexico's collateral source rule. 2026 WL 2255078, at *5. Additionally, the court found independent reasons to dismiss several of Plaintiff's claims, including her negligence, breach of the covenant of good faith and fair dealing, UIPA, UPA, unjust enrichment, and injunctive relief claims, as well as her claims against State Farm Fire. Id. at *6–11. She does not address these other reasons for dismissal in the instant motion.

missing, State Farm Mut. Auto. Ins. v. Maidment, 761 P.2d 446 (N.M. Ct. App. 1988), and explained why it and other cases Plaintiff did not address in her response to the motion to dismiss supported dismissal of her claims. 2026 WL 2255078, at *3–4. As for the other case the court ostensibly missed, Plaintiff reprises her argument that the UM/UIM statute precludes enforcing the condition precedent. ECF No. 55 at 11–12.

Plaintiff's citations to the UIPA are also procedurally improper, making their first appearance in a motion for reconsideration. Prior to the instant motion, Plaintiff relied upon conclusory allegations to advance her claims that the UIPA barred the condition precedent or compelled payment of her claim. 2026 WL 2255078, at *8. Moreover, Plaintiff now cites several provisions of the UIPA that went unmentioned in her FAC or in her briefing on the motion to dismiss. ECF No. 55 at 14–15 (citing N.M. Stat. Ann. §§ 59A-5-20(G), -5-26(C)(2)(b), -16-21(B)). The court will not consider her attempts to introduce these new provisions and arguments in the instant motion.

The same goes for the argument that State Farm's practices do not require an insured to obtain a judgment before payment of benefits. Once again, nowhere in her FAC or in prior briefing did she raise these arguments. And to the extent that Plaintiff argues that the cited documents in support are newly discovered evidence previously unavailable, such claims are belied by the fact that those documents are dated between 2022 and May 2025, long before this court entered the Dismissal Order. [4]

---

[4] Plaintiff claims that the court's consideration of her insurance policies in ruling on State Farm's motion to dismiss effectively converted the motion into a summary judgment motion, thereby permitting her to introduce these documents in the instant motion. ECF No. 55 at 3 n.1; ECF No. 59 at 5–6. Not so. As explained in the Dismissal

Plaintiff's failure to raise these new arguments or exhibits prior to the instant motion cannot be overlooked. Beyond the FAC and briefing on the motion to dismiss, Plaintiff had ample opportunity to put the court (and Defendants) on notice of these new arguments and exhibits. At no point during the 18-month period that the motion to dismiss was fully briefed did Plaintiff make any effort to bring them to the court's attention by, for example, seeking leave to amend the FAC or to file supplemental briefing. And even if Plaintiff was somehow unable to take such steps, she could have alerted the court at the July 22, 2026 status conference that she had new arguments to make or new factual allegations to add to her complaint. After all, the court offered to hold argument on the motion to dismiss. But Plaintiff declined, telling the court that the motion could be decided on the briefs alone.

Plaintiff attempts to justify these late claims because she "could not have predicted the Court would distinguish" Wood v. Millers Nat'l Ins. Co., 632 P.2d 1163 (N.M. 1981) "in [a] manner that is contrary to Wood and its progeny." ECF No. 55 at 12, 16, 19–20. Plaintiff cited Wood in her prior briefing, and the court explained why Wood was easily distinguishable from and wholly inapposite to her claim. 2026 WL 2255078, at *4. This is tantamount to an argument that Plaintiff could not have foreseen that the court would rule against her.

---

Order, the court properly considered the insurance policies, as they formed the basis of her complaint and were submitted by State Farm with its motion to dismiss, and Plaintiff did not challenge their authenticity. 2026 WL 2255078, at *2. Therefore, the court's consideration of these documents did not convert the motion into one for summary judgment. See Gee v. Pacheco, 627 F.3d 1178, 1186 (10th Cir. 2010).

The Tenth Circuit has repeatedly stated that motions for reconsideration are not an opportunity for a second bite of the apple. See, e.g., Spinelli v. Coherus Biosciences, Inc., 167 F.4th 1274, 1285 (10th Cir. 2026). Lacking any valid reasons requiring reconsideration of its dismissal order, the court will deny the motion for reconsideration.[5]

Plaintiff moves in the alternative for leave to amend the FAC to add the owner and driver of the vehicle that caused the accident to the suit—parties that Plaintiff herself chose to drop. ECF No. 55 at 20; ECF No. 1 at 1, 3; ECF No. 1-3 at 1–2. Tenth Circuit precedent makes clear that the court need not reach an alternative request to amend once it has denied a reconsideration motion. Spinelli, 167 F.4th at 1286 (affirming the denial of a motion for leave to amend where Plaintiff cannot meet the Rule 59(e) standard); accord Calderon v. Kan. Dep't of Soc. & Rehab. Servs., 181 F.3d 1180, 1185 (10th Cir. 1999). Her request is procedurally improper and amounts to nothing more than a backdoor attempt to amend the FAC through a Rule 59 motion. And to the extent that Plaintiff seeks leave to amend under Rule 15, the court will deny that too. After all, it is well-settled that a request for leave to amend under Rule 15 requires a separate formal motion with an attached proposed amended complaint. Brooks v. Mentor Worldwide LLC, 985 F.3d 1272, 1283 (10th Cir. 2021); D.N.M.LR-Civ. 15.1.

---

[5] Plaintiff also argues that the owner and driver of the vehicle that caused the accident "were never formally dismissed" and that "their omission from . . . the [FAC] is a correctable pleading defect[.]" ECF No. 59 at 8. But this argument, as well as others, only appears for the first time in Plaintiff's reply brief, so it comes too late, as the court does not consider arguments appearing for the first time in the reply brief. See Eaton v. Pacheco, 931 F.3d 1009, 1030 (10th Cir. 2019); accord Friends of the Flas. v. U.S. Bureau of Land Mgmt., 746 F. Supp. 3d 1039, 1177 n.58 (D.N.M. 2024).

Finally, Plaintiff requests certification to the New Mexico Supreme Court as to whether "New Mexico insureds must obtain a judgment against an uninsured or unknown motorist before being entitled to recover UM/UIM benefits[.]" ECF No. 55 at 21–22. The Court will answer questions certified to it from another court only if, inter alia, "the answer may be determinative of an issue in pending litigation in the certifying court[.]" N.M. R. App. P. 12-607. If the certifying court "has already ruled upon the issue for which [the party] seek[s] certification[,]" there is no pending litigation. Hartford Ins. Co. of the Midwest v. Cline, 367 F. Supp. 2d 1342, 1344 (D.N.M. 2005) (denying request for certification accompanying motion for reconsideration); XTO Energy, Inc. v. ATD, LLC, 189 F. Supp. 3d 1174, 1206 (D.N.M. 2016) (same where party sought reconsideration of an interlocutory order dismissing claims). There is no pending litigation here for purposes of certification because the district court dismissed all claims against State Farm with prejudice. In any event, Tenth Circuit precedent indicates that ordinarily courts should not certify questions only after the moving party has received an adverse decision. E.g., Massengale v. Okla. Bd. of Examiners in Optometry, 30 F.3d 1325, 1331 (10th Cir. 1994). Therefore, the court will deny Plaintiff's request for certification.

NOW, THEREFORE, IT IS ORDERED that Plaintiff's Motion to Reconsider Memorandum Opinion and Order Granting Motion to Dismiss filed September 2, 2026 (ECF No. 55) is DENIED. Plaintiff's request for leave to amend the first amended complaint is DENIED. Plaintiff's request for certification to the New Mexico Supreme Court is DENIED.

DATED this 1st day of October 2026, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation

Counsel:

Sean M. Fitzpatrick, Fitzpatrick Law, LLC, Albuquerque, New Mexico; Bryan Williams, Williams Injury Law, P.C., Albuquerque, New Mexico; Andrea D. Harris, Valle, O'Clerieachain, Zamora & Harris P.C., Albuquerque, New Mexico; Geoffrey R. Romero, Nikko Harada and Christopher P. Winters, Romero, Harada & Winters, LLC, Albuquerque, New Mexico; and Kevin Holmes, Holmes Law Firm, P.C., Albuquerque, New Mexico, for Plaintiff.

Todd A. Schwarz, Miller Stratvert P.A., Albuquerque, New Mexico; and Joseph A. Cancila, Jr. and Sondra A. Hemeryck, Riley Safer Holmes & Cancila, LLP, Chicago, Illinois, for Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company.